## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil No. _____ |
| MORA DEVELOPMENT CORPORATION and MORA DEVELOPMENT, S.E., | **COMPLAINT** |
| Defendants. | |

The United States of America ("United States"), by the authority of the Attorney General of the United States, acting on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

### NATURE OF THE ACTION

1. This civil action is brought against Mora Development Corporation ("MDC") and Mora Development, S.E. ("MDSE") ("Defendants") pursuant to Sections 309(b) and (d) of the Clean Water Act ("Act"), 33 U.S.C. §§ 1319(b) and (d), for civil penalties arising from their illegal discharges of pollutants to waters of the United States in violation of Section 301 of the Act, 33 U.S.C. § 1311.

2. Defendants are two affiliated real estate development companies. They built two housing developments, the Las Cascadas II residential development ("Cascadas") in Toa Alta, Puerto Rico, and the Villas de Montecielo residential development ("Montecielo") in Guaynabo, Puerto Rico. The Defendants built sewage collection systems for the developments but did not connect those systems to the Puerto Rico Aqueduct and Sewer Authority's ("PRASA's") municipal sewage collection system. Instead, from 2007 to 2013, MDC discharged raw sewage

from the Cascadas sewage collection system into the local municipal storm water system, which then flowed into a water of the United States. From 2009 to 2013, MDSE and MDC also discharged raw sewage from the Montecielo sewage collection system into an unnamed creek that is a water of the United States.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action and the parties pursuant to Sections 309(b) and (d) of the Act, 33 U.S.C. §§ 1319(b) and (d), and pursuant to 28 U.S.C. §§ 1331, 1345 and 1355.

4. Venue is proper in the District of Puerto Rico pursuant to Section 309(b) of the Act, 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and 1395, because the violations occurred in this district, and because the Defendants reside and have their principal places of business in this district.

## THE PARTIES

5. Plaintiff is the United States of America on behalf of the Administrator of the EPA.

6. Defendant MDC is a Puerto Rico corporation with its principal business office at 680 Cesar Gonzalez Street, San Juan, Puerto Rico. MDC is a "person" as defined by Section 502(5) of the Act, 33 U.S.C. § 1362(5).

7. Defendant MDSE is a "special partnership" formed under Puerto Rico law with its principal business office at 680 Cesar Gonzalez Street, San Juan, Puerto Rico. MDSE is a "person" as defined by Section 502(5) of the Act, 33 U.S.C. § 1362(5).

## STATUTORY AND REGULATORY BACKGROUND

8. Section 301(a) of the Act prohibits the discharge of any pollutant by any person to navigable waters except as permitted by the Act and the regulations thereunder. 33 U.S.C. § 1311(a).

9. Section 502(12) of the Act, 33 U.S.C. § 1362(12), defines the term "discharge of a pollutant" to mean, among other things, "any addition of any pollutant to navigable waters from any point source …"

10. Section 502(14) of the Act, 33 U.S.C. § 1362(14), defines the term "point source" as "any discernible, confined and discrete conveyance, including, but not limited to, any pipe, ditch, channel, tunnel, conduit, well, or discrete fissure from which pollutants may be discharged."

11. Section 502(6) of the Act, 33 U.S.C. § 1362(6), defines the term "pollutant" to include, among other things, sewage.

12. Section 502(7) of the Act, 33 U.S.C. § 1362(7), defines the term "navigable waters" as "waters of the United States, including the territorial seas." "Waters of the United States" has been further defined to include, among other things, waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce; interstate waters; and tributaries of such waters. 40 C.F.R. § 122.2.

13. Section 309(b) of the Act, 33 U.S.C. § 1319(b), authorizes the Administrator to commence a civil action for appropriate relief when any person violates Section 301 of the Act.

14. Section 309(d) of the Act, 33 U.S.C. § 1319(d), provides that any person who violates, among other things, Section 301 of the Act shall be subject to a civil penalty of up to $25,000 per day for each violation.

15. Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2641 note: Pub. L. 101-410, enacted October 5, 1990; 104 Stat. 890), as amended by the Debt Collection Improvements Act of 1996 (31 U.S.C. § 3701 note: Pub. L. 101-134, enacted April 26, 1996, 110 Stat. 1321), EPA promulgated the Civil Monetary Penalty Inflation Adjustment Rule. Under that rule, EPA may seek civil penalties of up to $32,500 per day for each violation occurring from March 15, 2004 through January 12, 2009, and of up to $37,500 per day for each violation occurring after January 12, 2009.

## GENERAL ALLEGATIONS

### *Cascadas*

16. Cascadas is a development of about 85 single family homes located at State Road 828, Km. 18.25, Bucarabones Ward, in the municipality of Toa Alta, Puerto Rico.

17. MDC sold homes at Cascadas from 2007 through March 20, 2013.

18. During this time period, the development had a sewage collection system, which was owned and operated by MDC. The sewage collection system terminated at a sanitary manhole, and sewage accumulated there.

19. On or about October 31, 2007, MDC installed a pipe from the Cascadas manhole to an adjacent storm drain that was a part of the Toa Alta municipal storm water system (Toa Alta MS4).

20. The Toa Alta MS4 was constructed for the purpose of collecting storm water and discharging the storm water to surface waters. Storm water originating at Cascadas enters the Toa Alta MS4 through storm drains and then is channeled into a storm-water catch basin. From the catch basin, the storm water discharges to a retention pond that was constructed for the purpose of collecting sediment from the storm water. Upon reaching the retention pond, the

storm water discharges through a 42-inch underground pipe into Quilan Creek. The storm drains, the catch basin, the pipe to the retention pond, the retention pond, and the 42-inch underground pipe all are components of the Toa Alta MS4.

21. The connecting pipe that MDC installed was buried under the pavement and it discharged into the adjacent storm drain at a point below the storm drain grate.

22. Sewage accumulating in the Cascadas manhole then flowed directly into the Toa Alta MS4.

23. Like the storm water for which the Toa Alta MS4 was constructed, sewage from the Cascadas manhole passed through the Toa Alta MS4, eventually flowing into Quilan Creek.

24. Specifically, sewage that accumulated in the Cascadas manhole flowed via MDC's connecting pipe into the storm drain, then into the catch basin, then through a pipe that discharged to the retention pond, then through the 42-inch underground pipe and finally into Quilan Creek.

25. Quilan Creek is a tributary of the Bucarabones River that flows year-round and has a bed and banks and ordinary high water mark. The Bucarabones River flows into the La Plata River.

26. MDC never received any permit to discharge sewage at Cascadas.

27. MDC connected the Cascadas sewage collection system to the PRASA system on or about March 20, 2013. PRASA then became the operator of the Cascadas sewage collection system. Since then, improper sewage discharges at Cascadas have ceased.

*Montecielo*

28. Montecielo is a development of single family homes located at State Road 833, Km. 8.8, Santa Rosa III Ward, in the municipality of Guaynabo.

29. Both MDSE and MDC developed Montecielo. The Defendants originally intended to build 883 homes there but only constructed 24 homes.

30. The Defendants sold 16 of the homes from 2009 through 2013.

31. MDC and MDSE were the owners and MDSE was the operator of the Montecielo sewage collection system.

32. At all times relevant to this complaint, the Montecielo sewage collection system terminated at a manhole which was, in turn, connected via a plastic (PVC) pipe to an underground storage tank.

33. The plastic pipe includes a "Y" connector at the end, with the downward leg of the Y directing sewage into an opening at the top of the storage tank, and the horizontal leg of the Y directing sewage past the tank onto the adjacent ground.

34. Commencing when the Montecielo development was first occupied on September 10, 2009, sewage regularly discharged onto the ground from both the horizontal leg of the Y pipe and from the storage tank. This sewage flowed into a nearby ditch, and then flowed into a nearby unnamed creek.

35. The unnamed creek is a tributary of the Bayamón River that flows year-round and has a bed and banks and ordinary high water mark.

36. MDC and MDSE never received any permit to discharge sewage at Montecielo.

37. On June 28, 2013, EPA issued an administrative compliance order directing the Defendants to, among other things, cease discharging sewage into the unnamed creek. On or about July 18, 2013, the Defendants routed the sewage into a different sewage collection tank and the illegal discharges to the unnamed creek ceased.

**CLAIM FOR RELIEF**

38. Paragraphs 1 through 37 are realleged and incorporated herein.

39. The sewage MDC and MDSE discharged from the Cascadas and Montecielo sewage collection systems is a pollutant, as defined by Section 502(6) of the Act, 33 U.S.C. § 1362(6).

40. The Cascadas and Montecielo sewage collection systems are point sources as defined by Section 502(14) of the Act, 33 U.S.C. § 1362(14).

41. Both Quilan Creek and the unnamed creek near Montecielo are "navigable waters" within the meaning of Section 502(7) of the Act, 33 U.S.C. § 1362(7).

42. MDC violated Section 301 of the Act, 33 U.S.C. § 1311(a) by discharging a pollutant, namely sewage, from a point source, namely the Cascadas sewage treatment system, into a navigable water, namely Quilan Creek.

43. MDC and MDSE violated Section 301 of the Act, 33 U.S.C. § 1311(a), by discharging a pollutant, namely sewage, from a point source, namely the Montecielo sewage treatment system, into a navigable water, namely the unnamed creek near Montecielo.

44. MDC is liable for civil penalties for each violation of Section 301 of the Act, 33 U.S.C. § 1311(a), at Cascadas.

45. MDC and MDSE are liable for civil penalties for each violation of Section 301 of the Act, 33 U.S.C. § 1311(a), at Montecielo.

**RELIEF SOUGHT**

WHEREFORE, Plaintiff, the United States of America, respectfully requests that the Court grant the following relief:

1. Order that MDC be assessed, pursuant to Section 309(d) of the Act, 33 U.S.C. § 1319(d), civil penalties of up to $32,500 per day for each violation of the Act at Cascadas occurring after March 15, 2004 through January 12, 2009, and up to $37,500 per day for each violation of the Act at Cascadas occurring after January 12, 2009;

2. Order that Defendants be assessed, pursuant to Section 309(d) of the Act, 33 U.S.C. § 1319(d), civil penalties of up to $32,500 per day for each violation of the Act at Montecielo occurring from March 15, 2004 through January 12, 2009, and up to $37,500 per day for each violation of the Act at Montecielo occurring after January 12, 2009;

3. Award the United States its costs in this action; and

4. Award such other relief as the Court deems just and proper.

Respectfully submitted,

For the United States of America

ELLEN M. MAHAN
Deputy Section Chief
United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section

March 14, 2019
Dated

/s/ Patrick B. Bryan
PATRICK B. BRYAN
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, DC  20044-7611
Telephone:  202-616-8299
Facsimile:  202-616-2427
E-mail:  Patrick.Bryan@usdoj.gov
Fed Bar (PR) No. G02107

8

        ROSA E. RODRIGUEZ-VELEZ
        United States Attorney
        District of Puerto Rico

        HECTOR E. RAMIREZ
        Assistant United States Attorney
        District of Puerto Rico
        Torre Chardon, Suite 1201
        350 Carlos Chardón Avenue
        San Juan, PR 00918

Of Counsel:

HECTOR L. VÉLEZ CRUZ
Lead General Attorney
Associate Regional Counsel for Caribbean Programs
United States Environmental Protection Agency
City View Plaza II, Suite 7000
#48 Rd. 165 km 1.2
Guaynabo, PR 00968-8069
Telephone:  787-977-5850
E-mail:  Velez.Hector@epa.gov

EVELYN RIVERA-OCASIO
Assistant Regional Counsel
Office of Regional Counsel – Caribbean Programs
City View Plaza II, Suite 7000
#48 Rd. 165 km 1.2
Guaynabo, PR 00968-8069
Telephone: 787-977-5859
E-mail:  rivera-ocasio.evelyn@epa.gov

LOURDES BUFILL
Attorney-Advisor
Water Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
United States Environmental Protection Agency
1200 Pennsylvania Ave., NW (2243A)
Washington, DC 20460
Telephone:  202-564-5128
E-mail:  Bufill.Lourdes@epa.gov

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Patrick B. Bryan, U.S. Department of Justice
601 D Street, NW
Washington, DC 20004, phone: 202-616-8299

## DEFENDANTS
Mora Development Corporation
Mora Development SE

County of Residence of First Listed Defendant: San Juan
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Raul Negron-Casanovas; law firm:Dias & Negron, LLC
P.O. Box 363004
San Juan, Puerto Rico 00936-3004, phone: 787-396-3413

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- [X] 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Clean Water Act, 33 U.S.C. Sections 1251 et seq.

Brief description of cause:
Environmental enforcement matter seeking civil penalties for violations of the Clean Water Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: Cerezo
DOCKET NUMBER: 3:16-cr-00018-01 (CCC)

**DATE:** 03/14/2019
**SIGNATURE OF ATTORNEY OF RECORD:** /s/ Patrick B. Bryan

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44 Reverse (Rev. 02/19)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

## CATEGORY SHEET

**You must accompany your complaint with this Category Sheet, and the Civil Cover Sheet (JS-44).**

| | |
|---|---|
| Attorney Name (Last, First, MI): | Bryan, Patrick, B. |
| USDC-PR Bar Number: | G02107 |
| Email Address: | patrick.bryan@usdoj.gov |

1. Title (caption) of the Case (provide only the names of the first party on each side):

   Plaintiff: United States of America

   Defendant: Mora Development Corporation

2. Indicate the category to which this case belongs:

   ☒ Ordinary Civil Case

   ☐ Social Security

   ☐ Banking

   ☐ Injunction

3. Indicate the title and number of related cases (if any).

   United States v. Mora Development Corporation, Criminal Case Number: 3:16-cr-00018-01 (CCC)

4. Has a prior action between the same parties and based on the same claim ever been filed before this Court?

   ☐ Yes

   ☒ No

5. Is this case required to be heard and determined by a district court of three judges pursuant to 28 U.S.C. § 2284?

   ☐ Yes

   ☒ No

6. Does this case question the constitutionality of a state statute? (See, Fed.R.Civ. P. 24)

   ☐ Yes

   ☒ No

Date Submitted: 3/14/19

rev. Dec. 2009

Print Form    Reset Form

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Puerto Rico

|  |  |  |
|---|---|---|
| *Plaintiff(s)* | ) ) ) ) ) ) | |
| v. | ) ) | Civil Action No. |
| *Defendant(s)* | ) ) ) ) ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — or 90 days in a Social Security Action — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*FRANCES RIOS DE MORAN, ESQ.*
*CLERK OF COURT*

Date: _____           _____
                                              *Signature of Clerk or Deputy Clerk*

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):* _____
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                          *Server's signature*

                                          _____
                                          *Printed name and title*

                                          _____
                                          *Server's address*

Additional information regarding attempted service, etc:
_____

DPR MODIFIED AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Puerto Rico

|  |  |  |
|---|---|---|
| *Plaintiff(s)* <br> v. <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — or 90 days in a Social Security Action — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*FRANCES RIOS DE MORAN, ESQ.*
*CLERK OF COURT*

Date: _____     _____
*Signature of Clerk or Deputy Clerk*

DPR MODIFIED AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):* _____
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:
_____